IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| STEVEN MYLES JOHNSON, #1419824 | § | |
| VS. | § | CIVIL ACTION NO. 6:11cv297 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus regarding a prison disciplinary proceeding should be denied. The Petitioner has filed objections.

The Report and Recommendation of the Magistrate Judge, which contain his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Petitioner, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

In his objections, the Petitioner asserted that he was actually innocent of the charges. He cited a habeas corpus decision issued by the Texas Court of Criminal Appeals for the proposition that the incarceration of an innocent man violates due process under Texas law. *Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996). The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). In the course of reviewing state proceedings, a federal court does "not

sit as a super state supreme court to review error under state law." *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007); *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983).  The Fifth Circuit has clearly held that claims of actual innocence are not cognizable on federal habeas review. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 532 U.S. 915 (2001); *Graham v. Johnson*, 168 F.3d 762, 788 (5th Cir. 1999); *Lucas v. Johnson*, 132 F.3d 1069, 1075 (5th Cir. 1998).  The evidentiary issue for consideration in federal habeas corpus proceedings regarding prison disciplinary cases is whether there was some evidence to support the findings of the disciplinary hearing officer. *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985); *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001).  The Report and Recommendation explained the standard and correctly found that there was some evidence to support the finding of guilt based on the testimony of Sergeants Reyes and Harrison.  The objections lack merit, thus the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.  It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice.  A certificate of appealability is **DENIED**.  It is finally

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 20th day of September, 2011.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**